IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

RICHARD BERNIER )
)
Plaintiff, )
)
vs. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
)
Defendant. )
_____)
Case No. 4FA-23-02573CI

## COMPLAINT

COMES NOW the plaintiff, Richard Bernier, by and through his attorneys, RINGSTAD LAW OFFICE, P.C., and for his complaint against the defendant, State Farm, states the following:

1. Plaintiff is a resident of the State of Alaska, residing in the Fourth Judicial District of the State of Alaska, at or near Fairbanks, Alaska.

2. Defendant does business in the Fourth Judicial District of the State of Alaska, at or near Fairbanks, Alaska.

3. The motor vehicle collision that is the subject of this action occurred in the Fourth Judicial District of the State of Alaska at or near Fairbanks, Alaska.

4. Venue and jurisdiction are proper and appropriate in this court.

Bernier v. State Farm Mutual Automobile Insurance Company

5. On November 18, 2020, defendant East was driving a motor vehicle traveling approximately northwest, toward Fairbanks, on Richardson Highway.

6. On November 18, 2020, plaintiff Bernier was driving a motor vehicle traveling approximately northwest, toward Fairbanks, on Richardson Highway.

7. On November 18, 2020, the vehicle defendant East was driving was traveling behind the motor vehicle being driven by Richard Bernier.

8. On November 18, 2020, the vehicle defendant East was driving was traveling in the same traffic lane as a motor vehicle being driven by Richard Bernier.

9. On November 18, 2020, the motor vehicle defendant East was driving struck the vehicle occupied by Richard Bernier from the rear.

10. Plaintiff Bernier, as the driver of a leading vehicle, had a right to use the roadway superior to that of defendant East, the driver of a following vehicle.

11. Defendant East owed plaintiff Bernier a duty to exercise reasonable care, including, but not limited to a duty to pay attention and maintain a proper lookout, a duty to maintain a safe distance behind the vehicle in front of him, and

a duty to drive at a safe and reasonable speed for the conditions.

12. Defendant East failed to pay attention and maintain a proper lookout.

13. Defendant failed to maintain a safe distance behind the vehicle in front of him.

14. Defendant East was cited for Following Too Closely in violation of 13 AAC 02.090a.

15. Defendant East failed to drive at a reasonable speed based on the conditions.

16. Defendant failed to exercise reasonable care.

17. Defendant breached a duty(ies) he owed to plaintiff.

18. Defendant was negligent.

19. The above-described November 18, 2020 motor vehicle collision was caused by defendant East's negligence or other fault as may be proved at trial.

20. As a direct and proximate result of defendant East's negligence or other fault as may be proved at trial, plaintiff sustained injuries and suffered damages including, but not limited to, medical expenses, past and future [to the extent that the subrogated interest is not held by plaintiff]; lost income, past and future; pain and suffering, past and future;

lost enjoyment of life, past and future; inconvenience, and such other and further damages as may be proved at trial.

21. Plaintiff Bernier was wearing a seat belt and shoulder harness at the time of the above-described motor vehicle collision.

22. Plaintiff Bernier was not comparably negligent for the above-described collision or the injuries he sustained in the above-described collision.

23. Underlying tortfeasor East was insured under a statutory minimum motor vehicle liability coverage policy with stated limits of $50,000.00 issued by USAA.

24. Plaintiff Bernier settled his claim against the underlying tortfeasor, East, for East's liability coverage policy limits, $67,647.27. On or about June 27, 2023, tortfeasor East's liability coverage policy limits settlement check was received by plaintiff Bernier.

25. On July 27, 2023, copies of tortfeasor East's settlement check and the Release signed by plaintiff Bernier was given to defendant State Farm Mutual Automobile Insurance Company.

26. Plaintiff Bernier, at the time of the subject collision, was insured under a motor vehicle policy issued by

defendant State Farm Mutual Automobile Insurance Company with stated per person UM/UIM coverage limits in the amount of $100,000.00.

27. Payment of tortfeasor East's liability coverage policy limits triggered plaintiff Bernier's UIM coverage under the motor vehicle policy issued to him by State Farm Mutual Automobile Insurance Company and he became eligible to receive UIM coverage benefits.

28. Plaintiff Bernier offered to settle his UIM claim under the policy issued to him by defendant State Farm Mutual Automobile Insurance Company for his UIM coverage policy limits.

29. Defendant State Farm Mutual Automobile Insurance Company, in response to plaintiff Bernier offer to settle for his UIM coverage policy limits offered $31,342 inclusive of Alaska add-ons.

30. On or about September 21, 2023, plaintiff Bernier requested that defendant State Farm Mutual Automobile Insurance Company provide the basis in the policy in relation to the facts and/or Alaska law for its offer.

31. On or about October 10, 2023, plaintiff Bernier requested that defendant State Farm Mutual Automobile Insurance Company please provide an explanation of the basis, including

supporting facts and evidence for a total claim value of $86,342.36.

32. Plaintiff Bernier is entitled to a Judgment against defendant State Farm Mutual Automobile Insurance Company in an amount, in excess of $100,000.00 [stated for jurisdiction purposes only], to be proved at trial.

33. A UIM (underinsured) bodily injury claim is a first-party claim.

34. Plaintiff, with defendant's consent, settled his bodily injury liability claim against Ryan Zortman.

35. Plaintiff's settlement with Ryan Zortman triggered a contractual and statutory UIM bodily injury claim under the motor vehicle policy, policy number 093 3002-C11-02B, defendant issued to plaintiff.

36. Defendant has not tendered any amount to settle plaintiff's UIM claim.

37. Plaintiff properly submitted a UIM bodily injury claim to defendant.

38. As a direct and legal result of defendant's conduct, plaintiff suffered financial, emotional distress and aggravation entitling plaintiff to compensatory damages in an amount to be proved at trial.

## COUNT I
## UIM CLAIM

39. Plaintiff realleges and incorporates here by reference the allegations contained in paragraphs 1 through 38 of his complaint as set forth above.

40. Plaintiff's UIM damages exceed the UIM coverage limits of the policy defendant issued to plaintiff.

41. Plaintiff is entitled to recovery, from defendant, the UIM coverage policy limits under the motor vehicle policy issued by defendant.

## COUNT II
## NEGLIGENT AND RECKLESS CLAIMS HANDLING

42. Plaintiff realleges and incorporates here by reference the allegations contained in paragraphs 1 through 41 of his complaint.

43. Defendant had a duty to create, adopt and implement reasonable standards for prompt investigation of claims.

44. Defendant failed to create, adopt and implement reasonable standards for prompt investigation of claims.

45. Defendant had a duty to conduct a full, fair, and prompt investigation of plaintiff's UIM claim at its own expense.

46. Defendant failed to fairly and completely

investigate plaintiff's UIM claim.

47. Defendant had a duty to reasonably investigate plaintiff's UIM bodily injury claim.

48. Defendant failed to reasonably investigate plaintiff's UIM bodily injury claim.

49. Defendant was obligated to treat plaintiff's interests with equal regard as its own interests when adjusting his UIM bodily injury claim.

50. Defendant failed to treat plaintiff's interests with equal regard as its own interests when adjusting his UIM bodily injury claim.

51. Defendant was obligated to make prompt settlement of plaintiff's UIM bodily injury claim.

52. Defendant failed to make a prompt settlement of plaintiff's UIM bodily injury claim.

53. Defendant had a duty to make a fair and reasonable settlement of plaintiff's UIM bodily injury claim and not make unreasonable settlement offers.

54. Defendant failed to make a fair and reasonable settlement of plaintiff's UIM bodily injury claim.

55. When adjusting a first-party claim, an insurer may not deny a claim or any part of a claim based on insufficient

information, speculation, or biased information.

56. Defendant when it adjusts a UIM claim originating from the State of Alaska is required to comply with all applicable provisions of AS 21.36.125.

57. Defendant has a duty to train its claims handlers to comply with Alaska law, including the provisions of AS 21.36.125, 3 AAC 26.010 - 050, and 3 AAC 070(a)(1), when adjusting claims originating in Alaska.

58. Defendant failed to train its claims handlers to comply with Alaska, including the provisions of AS 21.36.125, 3 AAC 26.010 - 050, and 3 AAC 070 (a)(1).

59. Defendant has a duty to adjust plaintiff's UIM claim in accordance with Alaska law including AS 21.36.125, 3 AAC 26.010 - 050, and 3 AAC 070(a)(1).

60. Pursuant to AS 21.36.125(15) defendant State Farm had a duty to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

61. Plaintiff Bernier, on multiple occasions, requested that defendant State Farm Mutual Automobile Insurance Company provide a reasonable explanation of the basis in the insurance

policy in relation to the facts or applicable law for its offer of compromise settlement.

62. Defendant State Farm refused to provide a reasonable explanation of the basis of its offer to plaintiff Bernier.

63. Defendant failed to adjust plaintiff's UIM claim in accordance with Alaska law, including AS 21.36.125, 3 AAC 26.010 - 050, and 3 AAC 070(a)(1).

64. Defendant's handling of plaintiff's UIM claim was negligently, knowingly and recklessly in violation of Alaska law, including AS 21.36.125, 3 AAC 26.010 - 050, and 3 AAC 070(a)(1).

65. Defendant failed to reasonably adjust plaintiff's UIM bodily injury claim.

66. Defendant's handling of plaintiff's UIM claim was negligent and reckless.

67. Defendant is liable to plaintiff for consequential damages including but not limited to financial distress, emotional distress, and aggravation caused by its negligent, reckless, and intentional claims handling and adjusting of plaintiff's UIM claim in an amount to be proved at trial.

### COUNT III
### VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALINGS

68. Plaintiff realleges and incorporates here by

reference the allegations contained in paragraphs 1 through 67 of his complaint.

69. Defendant owed plaintiff a duty of good faith and fair dealings.

70. A violation of Alaska state insurance statutes and regulations constitutes bad faith.

71. Defendant, in its handling and adjustment of plaintiff's UIM claim, violated Alaska state insurance statutes and regulations.

72. An insurer that fails to honor a claim without a reasonable basis acts in bad faith.

73. Defendant, in its handling and adjustment of plaintiff's UIM claim, failed to honor plaintiff's UIM claim without a reasonable basis to do so.

74. An insurer that refuses to pay a UIM claim without a reasonable basis acts in bad faith.

75. Defendant, in its handling and adjustment of plaintiff's UIM claim, failed to pay plaintiff's UIM claim without a reasonable basis.

76. Defendant breached its duty of good faith and fair dealings.

77. Defendant's violation of its covenant of good

faith and fair dealings was intentional.

78. Defendant is liable to plaintiff for consequential damages including but not limited to financial distress, emotional distress, and aggravation caused by its breach of the covenant of good faith and fair dealings, in an amount to be proved at trial.

## COUNT IV
## PUNITIVE DAMAGES

79. Plaintiff realleges and incorporates here by reference the allegations contained in paragraphs 1 through 78 of his complaint.

80. A fraudulent insurance act is committed by an insurer who violates a provision of AS 21.36.010 et seq or a regulation issued under it.

81. Defendant is liable to plaintiff for punitive damages for its bad faith conduct and its conduct that was intentional, outrageous, and/or taken in reckless disregard to the interest of the plaintiff, in an amount to be proved at trial.

WHEREFORE, plaintiff, Richard Bernier, prays for relief as follows:

1. An award of compensatory damages in an amount, in excess of $100,000.00, [stated for jurisdiction purposes only]

to be proved at trial.

2. An award of punitive damages in an amount, in excess of $100,000.00, [stated for jurisdiction reasons only].

2. An award for attorney fees and costs incurred in having to bring this action.

3. For such other and further relief as this court deems just and equitable.

DATED at Fairbanks, Alaska, this 22 day of December 2023.

RINGSTAD LAW OFFICE, P.C.
Attorney for Plaintiff

By: _____
Kenneth P. Ringstad
Alaska Bar No. 8011109